633 So.2d 1153 (1994)
David W. HEDRICK, Appellant,
v.
FLORIDA HOSPITAL MEDICAL CENTER, Appellee.
No. 93-1546.
District Court of Appeal of Florida, Fifth District.
March 18, 1994.
Warren W. Lindsey and David A. Henson, of Kirkconnell, Lindsey and Snure, P.A., Winter Park, for appellant.
Launa K. Rutherford and Gregory D. Swartwood, of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee.
GRIFFIN, Judge.
David W. Hedrick ("Hedrick") has appealed the denial of his petition for writ of habeas corpus below, challenging the cause and legality of his involuntary commitment for examination under section 394.463, Florida Statutes (1991).
One of the examining psychiatrists, Dr. Kirkland, in his "First Opinion Supporting the Petition" checked the box containing the conclusory statement that:
[Hedrick] is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and without treatment, he is likely to suffer from neglect or refuse to care for himself and such neglect or refusal poses a real and present threat of substantial harm to his well-being.
The facts set forth in Dr. Kirkland's opinion were: "Hyperactive, poor judgment, excessive behavior." In the "Second Opinion" concerning Hedrick, signed by Dr. Bernstein, he noted: "Overactive in speech and behavior. Thinking wanders. Poor judgment. Grandiose. Periodic memory difficulties. Drove on sidewalk, hit a pedestrian. Involved in excessively spending money." Hedrick had a long history of manic depressive disorder and hypomania. He was last hospitalized thirteen years ago. He informed these doctors that he had not taken his prescribed lithium medication for six months.
After the commitment for examination, Hedrick filed, through counsel, his petition for writ of habeas corpus, and on the following morning the hearing was held. At the hearing, Dr. Bernstein's testimony disclosed no factual basis for a belief that "without care or treatment he [was] likely to suffer from neglect or refusal to care for himself; such neglect or refusal pos[ing] a real and present threat of substantial harm to [Hedrick's] well-being" as required by section 394.463(1)(b)1, Florida Statutes (1993). Only the potential for the exercise of "poor judgment," which might cause Hedrick to give away "inappropriate" sums of money to the Boy Scouts or which might adversely affect his reputation was identified. This by itself is insufficient to meet the statutory test. Notably, neither the written opinions nor the hearing testimony in any way related Hedrick's automobile accident to his mental illness. *1154 To pass constitutional muster, "a real and present threat of substantial harm to appellant's well-being" must be read to entail some risk to personal safety. In re Beverly, 342 So.2d 481, 487 (Fla. 1977). Perhaps, in a proper case, the spending of "inappropriate" sums of money by a mentally ill person could rise to the level of behavior so reckless or ill-considered that he could impair his ability to provide adequately for his personal needs; however, no such evidence was offered in this case. None of the other facts adduced at the hearing or the clinical observations made while he was hospitalized meet the "present threat of substantial harm" test. Since the hearing revealed that the factual basis for the original petition involuntarily detaining him for examination was insufficient, the lower court should have granted appellant's petition.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.